BENJAMIN MORSE *versus* WILLIAM MAYBERRY.

Under the statute, (R. S., c. 82, § 101,) a plaintiff, who has had costs awarded against him in a former action, cannot maintain a suit upon the same cause of action until such costs are paid, although a new and additional cause of action is embraced in the second writ.

ON EXCEPTIONS to the ruling of DAVIS, J.

ASSUMPSIT on an account annexed to the writ, and the usual money counts.

At the return term of the writ, the defendant appeared and moved that the plaintiff be ordered to pay the costs of a former suit, in a judgment rendered against him and in favor of the defendant, upon a nonsuit. The writ, in the former suit, embraced the same causes of action as the one in this; but the writ in this suit contained claims additional to those in the other writ.

The presiding Judge granted the motion and ordered the costs to be paid by the first day of the next term, and, in default, the action to be dismissed. On the first day of the next term, the costs not having been paid, the Judge ordered the case dismissed.

These orders were duly entered upon the docket. To the last order the plaintiff excepted.

*F. O. J. Smith,* for plaintiff.

The constitutional right of the Legislature to impose terms of disqualification of a party to bring suits is not entirely clear.

Morse *v.* Mayberry.

The statute, if sustained, will be construed strictly, and will not be held to affect a cause of action never before sued.

*Vinton,* for the defendant, cited R. S., c. 82, § 101.

The opinion of the Court was drawn up by

KENT, J.——When, in a former action, the plaintiff has had costs awarded against him, he cannot sustain a suit " upon the same cause of action, until such costs are paid." R. S. of 1857, c. 82, § 101.

In this case, the only question is, whether, if the second suit contains items additional to those in the first suit, the statute provision, as to payment of costs, applies. We think it does. The object of the statute is to prevent a party from being harrassed by successive suits, by an irresponsible plaintiff, or by one who will not, if he is able, pay the costs awarded against him. This object would be in a great measure defeated, if the plaintiff could avoid the effect of non-payment, by bringing a second, or third, or fourth suit, and, in each, adding some new item of claim, which might be a just or an unjust claim. When the second suit contains the " same cause of action" as the first, it cannot be prosecuted until the costs of the first suit are paid, although the second may contain additional claims. This decision is clearly within both the letter and spirit of the statute.                 *Exceptions overruled.*

TENNEY, C. J., RICE, APPLETON, DAVIS and GOODENOW, JJ., concurred.